UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAULA KRANITZ and ALAN KRANITZ,

                                                Plaintiffs,       **NOTICE OF REMOVAL**
                                                                           **Civil Action No.:**

     vs.

SPEEDWAY LLC,

                                                Defendant.
_____

PLEASE TAKE NOTICE, that defendant, Speedway LLC, ("Speedway"), by and through its attorneys, Sugarman Law Firm, LLP, hereby files this Notice of Removal seeking removal of this action from Supreme Court of the State of New York, County of Erie (Erie County Index No. 816218/2020) ("the State Court action") to the United States District Court, Western District of New York.

In support of the request for removal, Speedway, by and through its attorneys, respectfully states the following:

1.      Pursuant to 28 U.S.C. § 1446(a), attached hereto and made a part hereof as **Exhibit A** is an Index of all process, pleadings, and orders served in the State Court action. The documents listed in chronological order within the Index are also annexed individually and are as follows:

- Summons and Complaint, e-filed on December 21, 2020 (copies of which are attached as **Exhibit B**);
- Stipulation of Partial Discontinuance Amending Caption, discontinuing the action against defendant, Rerob, LLC n/k/a Speedway LLC, and amending the caption, e-filed on January 26, 2021 (a copy of which is attached as **Exhibit C**);
- Notice to County Clerk Amendment of Caption, e-filed on January 27, 2021 (a copy of which is attached as **Exhibit D**);
- Request for Judicial Intervention, requesting amendment of the caption, e-filed on January 28, 2021 (a copy of which is attached as **Exhibit E**);
- Stipulation of Partial Discontinuance Amending Caption, discontinuing the action against defendant, Rerob, LLC n/k/a Speedway LLC, and amending the caption, So

      Ordered by the Honorable Donna M. Siwek, Justice of the Supreme Court, on February 9, 2021, e-filed on February 9, 2021 (a copy of which is attached as **Exhibit F**);

- Speedway's Answer, e-filed on February 10, 2021 (a copy of which is attached as **Exhibit G**);
- Speedway's Request for Supplemental Demand for Relief, served on February 10, 2021 (a copy of which is attached as **Exhibit H**); and
- Plaintiffs' counsel's letter to Speedway's counsel, dated June 1, 2021, which contains plaintiffs' "Statement of Damages", received by mail on June 3, 2021 (a copy of which is attached, minus the exhibit, as **Exhibit I**).

    2.    Upon information and belief, the foregoing constitutes all process, pleadings, and orders allegedly served upon the parties in this action. In addition to that, the following limited discovery has taken place: Speedway's Demand for Verified Bill of Particulars, Combined Discovery Demands, and Notice of Examination Before Trial were served on February 10, 2021; plaintiffs' Verified Bill of Particulars, dated May 17, 2021, was received by regular mail on May 24, 2021; plaintiffs' counsel responded to Speedway's Combined Discovery Demands by letter, dated May 20, 2021, which was received by regular mail on May 24, 2021; and plaintiffs' Demand for Bill of Particulars, dated May 17, 2021, Demand for Statements, Witnesses, Photographs, Insurance Coverage, Similar Claims, Accident Reports, Maintenance Records, Safety Precautions, Ownership Information, Expert Information, Surveillance Materials and Contracts, dated May 17, 2021, and Cross Notice for Examination Before Trial, dated May 17, 2021, were received by regular mail on May 24, 2021.

    3.    The State Court action was commenced in the Supreme Court of the State of New York, Erie County, on December 21, 2020 by the electronic filing of a Summons and Complaint. *See* Exhibit B. The State Court action is a civil action wherein plaintiff, Paula Kranitz, alleges that she slipped and fell and was injured at the Speedway Convenience Store, located at 1810 Maple Road, Williamsville, New York. *See* Exhibit B.

4. Pursuant to New York Civil Practice Law and Rules § 3017(c), the monetary amount to which plaintiffs deems themselves entitled was not included in the Summons or Complaint. *See* Exhibit B.

5. On February 10, 2021, Speedway, by and through its attorneys, served upon plaintiff's counsel a Request for Supplemental Demand for Relief. *See* Exhibit H.

6. On June 3, 2021, Speedway's counsel's office received a letter from plaintiffs' counsel, dated June 1, 2021, by regular mail that contained plaintiffs' response to Speedway's Request for Supplemental Demand for Relief, their "Statement of Damages". *See* Exhibit I. Plaintiffs deem themselves entitled to $3,000,000 in general and special damages for Paula Kranitz and $750,000 in damages for Alan Kranitz, for a total of $3,750,000. *See* Exhibit I.

7. This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that there exists diversity of citizenship between plaintiffs and Speedway and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Accordingly, there exists jurisdiction in the District Court of the United States pursuant to 28 U.S.C. § 1332.

8. According to the Complaint, plaintiffs are individuals residing in the Town of Amherst, County of Erie, State of New York. *See* Exhibit B.

9. Speedway is an active Limited Liability Company organized and existing under the laws of the State of Delaware and its principal place of business is in the State of Ohio. Speedway has as its sole member SEI Speedway Holdings, LLC, a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. SEI Speedway Holdings LLC has as its sole member 7-Eleven, Inc., a Texas Corporation, which is wholly owned by SEJ Asset Management & Investment Company, Inc. ("SEJAMI"), a

Delaware corporation.  SEJAMI is wholly-owned by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation.  SEJ is wholly owned by Seven & i Holdings Co., Ltd., a Japanese corporation, whose stock is publicly traded on the Tokyo Stock Exchange.

10. Under the provisions of 28 U.S.C. § 1441, the right exists to remove the civil action from the Supreme Court of the State of New York, County of Erie to the United States District Court for the Western District of New York, which embraces the place where it is pending.

11. The civil action involves a controversy between citizens of different States.  Upon information and belief, plaintiffs are, and were at the commencement of the State Court action, residents of the State of New York.  Thus, they have New York citizenship for diversity jurisdiction purposes. Speedway and its sole member, SEI Speedway Holdings, LLC, are Limited Liability Companies organized and existing under the laws of the State of Delaware with a principal place of business in the State of Texas.  Further, SEI Speedway Holdings LLC's sole member, 7-Eleven, Inc., is a Texas Corporation that is wholly owned by SEJ Asset Management & Investment Company, Inc. ("SEJAMI"), a Delaware corporation.  SEJAMI is wholly-owned by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation.  SEJ is wholly owned by Seven & i Holdings Co., Ltd., a Japanese corporation, whose stock is publicly traded on the Tokyo Stock Exchange. The citizenship of a limited liability company is determined by the citizenship of its members. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015 (1990). Therefore, Speedway's citizenship for purposes of diversity jurisdiction is Delaware and/or Ohio and/or Texas.

12. Upon information and belief, the amount in controversy exceeds $75,000.00. Plaintiffs' Summons and Complaint do not contain a monetary demand.  *See* Exhibit B.  However, the Complaint does state that "the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction." *See* Exhibit B, ¶¶ 16, 21. The Complaint also states that plaintiffs "demand judgment" "which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together the costs and disbursements of the action." *See* Exhibit B. Further, plaintiffs' counsel's letter, dated June 1, 2021, received on June 3, 2021, contained plaintiffs' response to Speedway's Request Supplemental Demand for Relief, their "Statement of Damages", which states that plaintiffs deem themselves entitled to a total of $3,750,000 in damages. *See* Exhibit I. If the allegations contained in the Complaint are ultimately proven, all of which are expressly denied, then a verdict in this matter could exceed $75,000.00. Therefore, the District Court has jurisdiction over this civil action.

13. In accordance with the requirements set forth in 28 U.S.C. § 1446, this Notice of Removal is being filed within thirty (30) days of receipt by Speedway of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *i.e.*, the letter from plaintiffs' counsel, dated June 1, 2021, received on June 3, 2021, that contained plaintiffs response to Speedway's Request Supplemental Demand for Relief, their "Statement of Damages", which stated for the first time that plaintiffs deem themselves entitled to a total of $3,750,000, satisfying the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1446(b)(3); 28 U.S.C. § 1332; Exhibits B & I.

14. By reason of all of the foregoing, Speedway desires and is entitled to have the civil action removed from the Supreme Court of the State of New York, County of Erie to the United States District Court for the Western District of New York, which encompasses the venue where the State Court action is pending.

15. A copy of this Notice of Removal is being served upon plaintiffs and filed with the Erie County Clerk, as required by 28 U.S.C. § 1446(d), and proof of said filing will be transmitted to this Court once effectuated.

WHEREFORE, Speedway respectfully requests that the civil action pending against it in the Supreme Court of the State of New York, County of Erie be removed and proceed in this Court as an action properly removed to it, along with such other, further and different relief as is just and proper.

Dated: June 30, 2021

*Brittany L Ha*
_____
Brittany L. Hannah, Esq.
**SUGARMAN LAW FIRM, LLP**
*Attorneys for Speedway LLC*
Office and Post Office Address
211 W. Jefferson Street
Syracuse, New York 13202
Telephone: (315) 474-2943
*bhannah@sugarmanlaw.com*

TO:
Scott M. Schwartz, Esq.
**LIPSITZ, GREEN, SCIME, CAMBRIA, LLP**
*Attorneys for Paula Kranitz and Alan Kranitz*
Office and Post Office Address
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
*sschwartz@lglaw.com*